Larry D. Simons CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*
Frank X. Ruggier, CLS-B (CA Bar No. 198836)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorneys for Sam S. Leslie, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AAA AMERICAN CONSTRUCTION, INC.,<br><br>Debtor. | Case No. 2:17-bk-18746 ER<br><br>Adv. Proc. No.<br><br>Chapter 7 |
| SAM S. LESLIE, Solely in his capacity as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>JASON SUNGYOUNG SUNG, an individual,<br><br>Defendant, | **COMPLAINT FOR (1) TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542(A); AND (2) CONVERSION OF PROPERTY OF THE ESTATE**<br><br>DATE: TO BE SET SUMMONS<br>TIME: TO BE SET SUMMONS<br>PLACE: CTRM 1568<br>United States Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

For his Complaint for (1) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542(a); and (2) Conversion of Property of the Estate (the "Complaint"), plaintiff Sam S. Leslie, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the estate of the debtor AAA American Construction, Inc., alleges as follows:

///

///

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Plaintiff Sam S. Leslie is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California which is styled In re AAA American Construction, Inc., bearing Case No. 2:17-bk-18746 ER (the "Bankruptcy Case").

3. AAA American Construction, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code on July 18, 2017 (the "Petition Date").

4. Plaintiff is informed and believes that defendant, Jason Sungyong Sung (the "Defendant") is an individual residing within the jurisdiction of this Court and was the Chief Executive Officer of the Debtor at the time of the Petition Date.

## GENERAL FACTUAL ALLEGATIONS

5. Plaintiff is informed and believes and, on that basis alleges thereon, that prior to the Petition Date, the Debtor deposited with the California Contractors State Licensing Board ("CSLB") two cash deposits in lieu of a contractor's bond for the issuance of a contractor's license.

6. Plaintiff is informed and believes and, on that basis alleges thereon, that the total amount that the Debtor deposited with the CSLB was not less than $15,000.00 (collectively, the "Cash Deposits").

7. Plaintiff is informed and believes and, on that basis alleges thereon, that Debtor did not list the Cash Deposits as an asset in its bankruptcy papers, petitions and schedules.

8. Plaintiff is informed and believes and, on that basis alleges thereon, that the Cash Deposits became part of the Debtor's bankruptcy estate as of the Petition Date.

///

9. Plaintiff is informed and believes and, on that basis alleges thereon, that on or around March 10, 2021, Defendant sent the CSLB correspondence requesting release of the Debtor's Cash Deposits. A copy of the Defendant's correspondence to the CSLB is attached hereto as Exhibit "1."

10. Plaintiff is informed and believes and, on that basis alleges thereon, that the CSLB issued warrant number 04-513132 dated April 8, 2021 to Defendant in the amount of $15,994.19, representing the amount of the Cash Deposits it was holding on behalf of the Debtor. The warrant was payable to the Defendant (the "Warrant"). A true and correct copy of the Warrant is attached hereto as Exhibit "2."

11. Plaintiff is informed and believes and, on that basis alleges thereon, that the Defendant has not tendered the Warrant funds to the Trustee despite the fact that the funds were Estate property.

## FIRST CLAIM FOR RELIEF

### (Turnover Of Property Of The Estate Pursuant To 11 U.S.C. § 542(a))

12. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11 as though set forth in full.

13. Plaintiff is informed and believes and, on that basis alleges thereon that the Cash Deposits are property of the Estate pursuant to, among other things, 11 U.S.C. § 541.

14. Plaintiff is informed and believes on that basis alleges thereon that the Defendant by having the Warrant issued to him, is in possession, custody or control, of property that the Trustee may use, sell or lease under 11 U.S.C. § 363 and that the Cash Deposits are not of inconsequential value or benefit to the Estate.

## SECOND CLAIM FOR RELIEF

### (Conversion of Property of The Estate)

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though set forth in full.

16. Plaintiff is informed and believes that the Cash Deposits were property of the Estate pursuant to, among other things, 11 U.S.C. § 541 and therefore they were under the control of the

Trustee.

17. Plaintiff is informed and believes that the Defendant converted the Cash Deposits wrongfully by making a demand with the CSLB when he was not the true owner of the Cash Deposits and therefore exercised control over the Cash Deposits.

18. Plaintiff is informed and believes that the Defendant's taking of the Cash Deposits substantially interfered with the Estate's property by knowingly and intentionally depriving the Trustee of the ability to use the Cash Deposits to make distribution to the Estate's creditors.

19. Plaintiff is informed and believes that the Defendant failed to return the Cash Deposits despite demand being made upon him through his counsel of record.

20. Plaintiff is informed and believes that the Defendant knew that the Trustee did not consent to Defendant's taking of the Cash Deposits.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**On the First Claim for Relief**:

1. For a judgment in the amount of $15,994.19 under 11 U.S.C. § 542(a) and;

**On the Second Claim for Relief:**

2. For treble damages of 3x the actual damages suffered by Trustee pursuant to California Penal Code § 496 and *Siry Investment v. Saeed Farkhondehpour,* 13 Cal.5th 333 (2022) and;

**On All Claims for Relief:**

3. For interest as permitted by law from the date that Defendant received the Cash Deposits;

4. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

Dated: November 2, 2022     **LAW OFFICES OF LARRY D. SIMONS**

　　　　　　　　　　　　　　　　　　　　　*/s/ Larry D. Simons*
　　　　　　　　　　　　　　　　　　　　Larry D. Simons, Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　　　Sam S. Leslie, Chapter 7 Trustee

Law Offices of Larry D. Simons
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 ♦ FAX 626.389.5607